**CALICO SCALLOPO CORP., and Slade Gorton & Co., Inc., Appellants, Cross-Appellees,**

v.

**WILLIS BROTHERS, INC., and Elmer D. Willis, Appellees, Cross-Appellants.**

**CALICO SCALLOP CORP., and Slade Gorton & Co., Inc., Appellees, Cross-Appellants,**

v.

**WILLIS BROTHERS, INC., and Elmer D. Willis, Appellants, Cross-Appellees.**

Nos. 71–1998, 71–1999.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1972.

Decided April 7, 1972.

Channing L. Richards, Charlotte, N. C. (Richards & Shefte, Charlotte, N. C., on brief), for Calico Scallopo Corp. and Slade Gorton & Co., Inc.

Douglas B. Henderson, Washington, D. C. (Brian G. Brunsvold, Finnegan, Henderson, Farabow & Garrett, Washington, D. C., and Claud R. Wheatly, Jr., and Wheatly & Mason, Beaufort, N. C., on brief), for Willis Brothers, Inc. and Elmer D. Willis.

Before HAYNSWORTH, Chief Judge, and BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

Central to this case is a method patent, titled "Means for Eviscerating Scallops."[1]

Construed as broadly as the plaintiffs would, the claims would encompass any mechanical process for removing surrounding viscera from the severed, cylindrical muscle of the scallop if the process involves axial rotation of the muscle. They would have us hold infringing commercially successful machines, mechanically quite dissimilar to those disclosed in the patent drawings and specifications, though several machines successively constructed by the patentee's backers, generally following the patent's disclosures, could not be made commercially operable.

 The patent, with its disclosure of inoperable means, can not be treated as basic and generic, foreclosing the field to more successful inventors. If valid, as the District Court found, the patent claims must be construed in light of the specifications and the drawings. This is the usual method of construction,[2] and the only means by which the overly broad claims can be saved from invalidity.

So construed, the accused device clearly does not infringe.

Except for this caveat about the validity of the patent, we agree with the District Court's conclusions as to non-infringement and its disposition of all other issues. So qualified, we affirm on the opinion of the District Judge.

Affirmed.

---

1. No. 3,129,456, issued April 21, 1964.

2. Graham v. John Deere Co., 383 U.S. 1, 33-34, 86 S.Ct. 684, 15 L.Ed.2d 545; United States v. Adams, 383 U.S. 39, 48-49, 86 S.Ct. 708, 15 L.Ed.2d 572; Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 339, 81 S.Ct. 599, 5 L.Ed.2d 592.